J. W. RICHARDSON v. SECURITY MUTUAL LIFE INSURANCE CO.

(Filed 17 April, 1918.)

Insurance, Life—Assessment Companies—Assessments Increased—Policies —Contracts.

A provision in the policy of a purely mutual assessment life insurance company that the insurer has the authority to increase the assessment fixed in the policy itself, when necessary to pay death claims, in accordance with the actuary's table of mortality, or as the mortality experience of the company may require, is a valid defense in an action by the insured to recover the assessments he had theretofore paid, on the ground that his assessment had been raised, when it is shown that such increase was in accord with the terms of the policy; and the insurer is not required to give previous notice of the increase in the assessment.

ACTION tried before *Harding, J.*, and a jury, at September Term, 1917, of GUILFORD.

It appeared that on 6 December, 1897, plaintiff, then 55 years of age, took out a policy of $2,000 in the Bankers' Guarantee Fund Life Association of Atlanta, Ga., a mutual assessment life insurance company having no capital stock nor resources other than funds derived from assessments on its members pursuant to the terms and stipulations of the policies and the rules and regulations authorized by its charter and by-laws; that on 6 December, 1899, the obligations of plaintiff's policy were assumed by the present defendant company, and plaintiff has since paid assessments to the latter company; that some time after defendant undertook said obligation it made a change in its method or basis of the mortuary assessments from the fixed sum of $7.09, an amount specified in the policy, to an assessment made on the basis of the actuaries' table of mortality, also provided for in the policy, and thereafter plaintiff continued to pay the assessments on this basis and in ever-increasing amounts, but under protest, till 1 August, 1917, when, a quarterly assessment having been made of $46.98, plaintiff declined to pay further and instituted the present suit to recover the entire amount of the premiums paid by him, alleging that the change in the method of making the mortuary assessments were in breach of the contract of insurance.

2. That if authorized by the charter and by-laws, it was made without any notice having been given to plaintiff of the proposed change.

All of the facts deemed material to the controversy being admitted except that of notice, an issue was submitted as to whether any notice had been given plaintiff as to the change of method complained of and the jury, for their verdict, answered the issue, "No."

On the rendition of the verdict and the facts admitted, his Honor being of opinion that the breach of contract on which plaintiff sued had not been established, entered judgment for defendant containing terms as follows:

"1. That the policy sued on, No. 3054, issued by the Bankers' Guarantee Fund Life Association of Atlanta, Ga., and resinsured according to its terms by defendant, lapsed and became null and void and ceased and determined, according to its terms, for nonpayment of quarterly premium dues thereon 1 August, 1917.

"2. It is further ordered and adjudged that, independent of the lapse of said policy for nonpayment of premium due 1 August, 1917, and notwithstanding the verdict of the jury on the issue submitted, defendant did not violate nor breach the policy contract sued on in any of the particulars alleged, and that plaintiff is not entitled to the relief demanded in his original and amended complaints, nor any part thereof."

From which judgment plaintiff, having duly excepted, appealed.

*Thomas C. Hoyle and C. A. Hines for plaintiff.*
*King & Kimball for defendant.*

PER CURIAM: The policy of insurance on breach of which the action is predicated contained, among others, the following stipulations:

"1. To continue this policy in force a further advance payment of $7.09 cents each, on or before the first day of February, May, August, and November in every year, and payment of the mortuary assessments at the rate of $1.67 for each assessment when the same shall be called for to pay the policies of deceased members shall be made to the association at its home office.

"2. From each advance payment received after the primary policy year, there shall be deposited by the association to the credit of the Guarantee Surplus Fund $5.19. The mortuary assessments shall provide such sums as may be necessary to pay current death claims on the basis of the actuaries' table of mortality or as the mortality experience of the association may require.

"3. When, however, the above payments in any one year after primary policy year, aggregate the sum fixed by the table printed elsewhere on this policy based on the age at entry, no further assessments shall be made on assured for that year until the guarantee surplus fund standing to the credit of the policy shall be exhausted in payment thereof."

It was admitted on the trial that the guarantee surplus fund, standing to the credit of the policyholders, was exhausted prior to 6 December, 1899, when the present defendant assumed the obligation of these policies, and at that time there were valid death claims to the amount of $10,000 which defendant had no means of paying except by assessment on the members, but that these facts were not known to plaintiff till this action was instituted.

It was further admitted on the hearing that the defendant, "since it reinsured the old Bankers' Guarantee Fund Life Association, collected its premiums and mortuary assessments on the basis of the actuaries' tables of mortality," including the premiums collected from plaintiff.

From the provisions in the contract itself and the admitted facts relevant to the controversy, it appears that the basis of assessment pursued by the present defendant is in accord with the express stipulations of the agreement contained in the policy, and we concur in his Honor's view that notwithstanding the verdict, the breach of contract alleged by plaintiff has not been established and the judgment in defendant's favor should be affirmed.

No error.